IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DEMETURIS JEFFERIES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOIL DRILLING SERVICES, INC., and )<br>ELIZABETH A. SPRINGSTON, )<br>WILLIAM J. SULLIVAN, JEFF WHITE, )<br>and GARY SKOGLUND, in their )<br>individual capacities, )<br>)<br>Defendants. ) | Civil Action No. 3:16-cv-00176-RJC-DSC |

## **PROTECTIVE ORDER**

**WHEREAS**, the discovery sought by Plaintiff Demeturis Jefferies ("Plaintiff") and Defendants Soil Drilling Services, Inc., Elizabeth A. Springston, William J. Sullivan, Jeff White, and Gary Skoglund ("Defendants") (collectively the "Parties") in the above-styled case is likely to involve the production of documents, things, and witness testimony containing Confidential Information; and

**WHEREAS**, the Parties have, through counsel, stipulated to the entry of this Protective Order (the "Order"), which shall apply to this civil action only, to prevent unnecessary dissemination or disclosure of Confidential Information; and

**WHEREAS**, this Order governs the use of all produced documents, responses to interrogatories and request for admissions, deposition transcripts, and any other information, documents, objects, or things which have been or will be produced or received by any party during pretrial proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes and summaries thereof.

It is therefore ORDERED, that the following terms and conditions, having been agreed to by the Parties, are approved by the Court, and binding on all parties to this action:

1. The following definitions shall apply in this order:

    A. The term "document" means the embodiment, in any form, of any attempt, by any means, to utilize, memorialize, or communicate thoughts or information and shall include, but not be limited to, the original and all copies, regardless of origin, location, or form of any electronically stored information, paper, pamphlet, periodical, letter, memorandum, telegram, telex, cable, other correspondence, report, record, study, note, notices, diary, calendar, working paper, chart, computer disk, computer file, electronic mail, floppy disk, hard disk, computer data storage device, book, graph, business record, appointment book, notebook, pleading, or litigation paper, as well as any other tangible things on which thoughts or information is recorded;

    B. The term "Confidential Documents" means any and all documents from the files or possession of any of the parties (or copies, notes, extracts, or summaries created therefrom) which contain information about personnel records, pay records, medical information, financial information, proprietary information, commercially sensitive information or any other matter the disclosure of which would disadvantage, damage, or prejudice the Producing Party or any non-party. The term "Confidential Documents" specifically includes the information contained therein.

    C. The term "Confidential Information" means any and all information, whether contained in Confidential Documents or not, from any of the parties which concerns personnel, pay records, medical, financial, or proprietary matters, commercially sensitive

information or any other matter the disclosure of which would disadvantage, damage, or prejudice the Producing Party or any non-party.

  D. The term "the Producing Party" as used herein means the party to this lawsuit who produced a document or provided information designated as "confidential" pursuant to this order.

  E. The term "Receiving Party" means a party who has received from another party a document or information designated as "confidential" pursuant to this order.

  2. None of the parties or their counsel shall use Confidential Documents produced or Confidential Information provided by any other party in this action for any purpose other than prosecution or defense of this action.

  3. If any party produces any documents which it believes constitute Confidential Documents or provides any information which it believes constitutes Confidential Information, it shall stamp each such document or label such information, including deposition transcripts or portions thereof, "Confidential." Electronic records shall be marked similarly, in a reasonable manner to convey the appropriate designation (for example, in a filename). Confidential designations shall be made at the time of production or, in the case of deposition transcripts, within ten (10) days of receipt of the transcript. Unless otherwise agreed by the Parties, all transcripts of testimony from depositions taken in this action shall be deemed "Confidential" for ten days (10) after receipt of a copy of said transcript by counsel of record for the Party with which the deponent was or is affiliated. Following the conclusion of any such deposition, the court reporter shall prepare a transcript for review by such counsel only. During the ten (10) day period after receipt of the transcript described above, counsel shall (1) designate by page and line those portions of the transcript (if any) which counsel determines in good faith constitute Confidential Information, (2) advise counsel for the other Party, in writing, of

the designation, and (3) request that the court reporter prepare a final transcript reflecting the designations. Notwithstanding the foregoing, the provisions of this sub-paragraph of the Order shall not prevent counsel for any of the Parties from obtaining a copy of a deposition transcript immediately upon conclusion of the deposition provided that the entire transcript shall be treated as Confidential until the designation process described in this sub-paragraph is completed. If any party believes that any item thus designated should be excluded from the scope of this Protective Order, that party or its counsel shall meet and confer with counsel for the party producing the item to resolve any disagreement. If the parties are unable to resolve their differences, such other party may apply to the Court for a declaration as to whether the particular item should be within the scope of this Protective Order.

  4. No person other than the Producing Party or its counsel of record shall disclose to any other person Confidential Documents or Confidential Information unless all terms and conditions in this Order are satisfied; and upon satisfaction of such terms and conditions, the Confidential Documents and Confidential Information may be disclosed only to the following persons:

  A. The Parties, the Parties' in-house counsel involved in the conduct of this action, the Parties' counsel of record, stenographic, paralegal or clerical employees assisting such counsel, or vendors (such as court reporters, copy centers or e-discovery consultants) assisting such counsel;

  B. This Court, including, but not limited to, all appropriate Court personnel such as court reporters, clerks and the like;

  C. Any person whom counsel reasonably believes authored or is in possession of the information designated as Confidential. If upon inquiry it is determined that such person

did not author or review the designated Confidential Information, then the disclosure shall immediately cease and no further disclosure to such person shall be made;

  D. Any Mediator retained by all affected Parties, including such Mediator's staff, provided the disclosure is made in the course of mediation;

  E. Consultants or experts, whether or not employees or officers of the Parties, retained by any party to consult or testify in the case; provided that, prior to disclosure, counsel shall deliver a copy of this order to the consultant to whom such disclosure is to be made and shall require said consultant to read a copy of this Order and to agree in writing to its terms by signing a Declaration of Compliance in the form of Exhibit A hereto. All executed Declarations of Compliance shall be maintained by counsel. In the event a Party believes, in good faith, that there has been a violation of this Protective Order, that Party shall notify the opposing Party in writing of such alleged violation and may demand a copy of the executed Declaration of Compliance of all persons connected to the suspected violation, which copy shall be produced within seven (7) days of the demand.

  F. Any other person who obtains access to the Confidential Information with the prior written consent of the Party who designated the information Confidential or upon a further order of the Court.

5. Before any person is given access to Confidential Documents or Confidential Information therefrom under subparagraphs 4.C OR 4.E above, the Receiving Party's counsel shall provide such person with a copy of this Order and require such person to execute a written acknowledgment in the form annexed hereto as Exhibit A that he or she understands the terms of this Order and agrees to abide by them. (In the case of a deposition or trial witness, it shall be sufficient to provide the witness with a copy of the Order and obtain his or her acknowledgment one time prior

to commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional confidential documents or may be provided with confidential information.) In the event any non-party deponent refused to execute such written acknowledgment, such deponent may be shown the confidential documents or provided with confidential information only during his or her actual testimony and may not retain a copy of such documents.

6. Local Civil Rule 6.1 governs the procedures for filing documents under seal. A party that desires to file with the Court information or material that another Party has designated as Confidential ("the Designated Material") shall, before filing any Designated Material, confer with the Producing Party to obtain that party's position as to how much of the materials, if any, should be redacted or placed completely under seal.

7. Each person given access to Confidential Documents or Confidential Information pursuant to this Order shall keep such material strictly secure, and refrain from disclosing in any manner any such information or documents, and shall keep such documents and information confidential except as otherwise provided by the terms of this Order.

8. The inadvertent production of attorney-client privileged material, attorney work product material, or material subject to any other privilege ("Privileged Material") or of Confidential Information without a designation does not constitute a waiver of any privilege or of the right to claim confidential status. If a Producing Party discovers it inadvertently produced Privileged Material in this litigation, the Producing Party shall promptly make a good-faith representation that such production was inadvertent and request that the Receiving Party return or destroy the specific information. Within three (3) business days of receiving such a request, the Receiving Party must return or destroy the specified information and any copies it has,

including electronic copies and shall further direct any other person who has received such materials to do the same. If the Receiving Party elects to destroy rather than return the Privileged Material, the Receiving Party must provide the Producing Party with a declaration sworn under the penalty of perjury stating that the Receiving Party has complied with the obligations set forth in this Order. This Order does not limit the right of any party to challenge information withheld on the basis of a privilege assertion.

9. When this Litigation concludes by settlement or final resolution, each Party or other person subject to the terms of this Order shall, assemble and destroy in a secure manner, or, if requested, return to the producing Party, all materials and documents designated Confidential under this Order and all copies thereof, provided, however, that principal counsel of record for each party may retain one copy of each designated document solely for reference in the event of, and only in the event of, a dispute in which the Confidential Information is directly relevant. No Confidential Information shall be used in connection with any such dispute without notice to the affected Party and providing such Party with an opportunity to object.

At such time as the obligation to return or destroy Confidential Information arises, any Party may demand from the other Parties a statement of compliance. In the event of such a request, the receiving Party shall provide an affidavit from the producing Party's attorney within thirty (30) days attesting that all materials designated Confidential have been returned or destroyed, consistent with the terms of this Order.

Unless otherwise ordered by this Court or another court or administrative body of competent jurisdiction, the terms of this order shall survive and remain in full and effect after termination of this litigation.

10. Nothing in this Order shall: (i) preclude a Producing Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate; (ii) preclude any party from objecting to the discoverability of any documents or information on appropriate grounds; (iii) limit a party's or its counsel's use of its own documents or any documents obtained outside the discovery process in this action; or (iv) waive a party's right to object to the admissibility of documents or discovery materials.

11. The parties shall confer among themselves concerning measures which should be taken during trial of this cause to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case.

12. This Order may be modified by the Court upon application of any party for good cause shown.

13. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

14. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of this litigation.

**SO ORDERED**.

Signed: September 21, 2016

_____
David S. Cayer
United States Magistrate Judge

**AGREED AND CONSENTED TO BY**:

| | |
|---|---|
| THE NOBLE LAW FIRM, PLLC | OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C. |
| /s/ Nicholas J. Sanservino, Jr. | /s/ Michael D. McKnight |
| Nicholas J. Sanservino, Jr., Esq. (N.C. Bar No. 36557) | Kevin S. Joyner (N.C. Bar No.: 25605) |
| Laura L. Noble, Esq. (N.C. Bar No. 38691) | Michael D. McKnight (N.C. Bar No.: 36932) |
| 308 West Rosemary Street, Suite 203 | 4208 Six Forks Road, Suite 1100 |
| Chapel Hill, NC 27516 | Raleigh, NC 27609 |
| Telephone: (919) 251-6008 | Telephone: 919.787.9700 |
| Facsimile: (919) 869-2079 | Facsimile: 919.783.9412 |
| nsanservino@thenoblelaw.com | kevin.joyner@odnss.com |
| lnoble@thenoblelaw.com | michael.mcknight@odnss.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DEMETURIS JEFFERIES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOIL DRILLING SERVICES, INC., and )<br>ELIZABETH A. SPRINGSTON, )<br>WILLIAM J. SULLIVAN, JEFF WHITE, )<br>and GARY SKOGLUND, in their )<br>individual capacities, )<br>)<br>Defendants. ) | Civil Action No. 3:16-cv-00176-RJC-DSC |

## DECLARATION OF COMPLIANCE
### (ATTACHMENT A)

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Demeturis Jefferies v. Soil Drilling Services, Inc., Elizabeth A Springston, William J. Sullivan, Jeff White, and Gary Skoglund*, Civil Action No. 3:16-cv-00176-RJC-DSC pending in the U.S. District Court for the Western District of North Carolina, have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED:_____

_____
Name – Please Print

_____
Signature